UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HANRAHAN, | No. 2:19-cv-0641 TLN KJN P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| L.J. ODDO, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner, proceeding pro se, with a petition for writ of habeas corpus under 28 U.S.C. § 2241. As set forth below, the undersigned recommends that the petition be dismissed.

Background

This action was filed on August 22, 2017, in the District Court for the Middle District of Pennsylvania. On April 16, 2019, the Chief Judge of the Pennsylvania court wrote a lengthy memorandum setting forth the background of petitioner's case (ECF No. 13 at 1-4), not repeated here, and noted that "neither the judgment nor the sentencing transcript reference an adjustment pursuant to U.S.S.G. § 5G1.3(b)." (ECF No. 13 at 10.) After finding that "[o]nly the sentencing court can clarify its intent concerning a § 5G1.3(b) adjustment," the case was transferred to this district on April 16, 2019.

////

<u>Underlying Criminal Case: United States v. Hanrahan, No. 2:11-cr-0119 WBS</u>[1]

On September 29, 2014, petitioner was sentenced to imprisonment of 375 months to run concurrently with Monterey County Superior Case SS042368B. (ECF Nos. 209; 210; 232 at 6.) The sentencing court stated that petitioner "shall receive credits on this sentence since November the 12th, 2006." (ECF No. 232 at 6.)

On January 17, 2017, petitioner filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). On July 12, 2017, the sentencing judge denied petitioner's motion, finding that credit for time served is a matter within the province of the Bureau of Prisons ("BOP") under § 3585(b). (ECF No. 297.)

After the instant § 2241 petition was filed, the government filed a motion to correct the criminal judgment, which was sought "to correct an error in the judgment that occurred when the amount of prison time imposed was later determined to not effectuate the intent of the Court because [of] regulations imposed on the BOP," and "to give [petitioner] the benefit of the agreement struck between the parties and the sentence imposed by the Court." (ECF No. 328 at 1-2.) The government acknowledged that:

> the parties agreed that the entire state sentence of 13 years imposed in <u>People v. Hanrahan</u>, Case No. CRSS042368B, in Monterey County Superior Court, be served concurrently with the sentence imposed in this case. The parties agreed to this reduction because Hanrahan's undischarged state prison term in <u>People v. Hanrahan</u>, Case No. CRSS042368B, was part of the same conspiracy to which Hanrahan pled guilty in [Case No. 2:11-cr-0119 WBS], consistent with § 5G1.3(b).

(ECF No. 328 at 2.) The government agreed with the BOP's calculation that petitioner's 375-month sentence should be adjusted based on dates beginning April 12, 2007, through September 28, 2014, or a period of 7 years, 5 months and 17 days. (<u>Id.</u>) "The Guidelines-based request to correct Hanrahan's sentence is through U.S.S.G. § 5G1.3(b) while the procedural mechanism is through Rule 36 in order to amend the judgment." (ECF No. 328 at 2.) The government noted "this understanding is consistent [with] the position taken by the United States in response to

---

[1] All docket references (ECF No.) in this section are to the underlying criminal case docket.

2

petitioner's § 2241 petition seeking sentence credit." (Id.)  In his response to the government's motion, petitioner noted his agreement with the calculation in time, but complained he was not provided credit for good time credits he would have earned.  (ECF No. 332.)

In reply, the government stated that "granting the government's Rule 36 motion will result in Hanrahan receiving the correct sentence." (ECF No. 334 at 1.)  The government provided the BOP's updated credits for petitioner (ECF No. 334-1), calculated under the First Step Act, and also noted that petitioner's good conduct time credits had been capped to "47 days per year, as explained and upheld in Barber v. Thomas, 560 U.S. 474 (2010)."  (ECF No. 334 at 2.)  Finally, the government noted that the BOP has exclusive jurisdiction to determine sentence credits.

At the time of the government's reply, petitioner's modified release date was December 1, 2040.  (ECF No. 334-2.)

On October 31, 2019, the district court granted the government's motion, and corrected petitioner's judgment and commitment order "to list the total overall sentence imposed as 286 months, 17 days." (Id., ECF No. 337, 338.)  The district court stated that "[i]n granting this motion, the court expresses no opinion as to [petitioner's] arguments regarding his good time credits raised in his October 15, 2019 filing."  (Id., ECF No. 337.)

The amended judgment reflects that petitioner's total term of imprisonment shall "run concurrently to Monterey County Superior Court, Dkt. No. SS042368B."  (ECF No. 339 at 2.)  The district court also recommended to the BOP that petitioner "be imprisoned in custody with BOP to serve remainder of sentence in both State and Federal cases with custody credits beginning from 11/12/2006."  (Id.)

On December 6, 2019, petitioner asked the sentencing judge to amend the October 30, 2019 order to grant a U.S.S.G. § 5G1.3(b) adjustment so that the BOP can provide petitioner with credits to which he is entitled.  (Id., ECF No. 340.)  On December 13, 2019, the district court denied petitioner's request as moot, stating:

> The letter requests that the court order a Section 5G1.3(b) adjustment to his sentence, but such relief was already granted by the court's October 31, 2019 order (Docket No. 337) granting the government's motion to correct defendant's sentence (Docket No. 328).

1 (Id., ECF No. 341.)  The district court deferred any request for the adjustment to petitioner's good
2 time credits to the BOP.  (Id.)
3         As of October 14, 2020, the BOP lists petitioner's release date as August 20, 2034.[2]
4 Section 2241
5         Relief by way of a writ of habeas corpus extends to a prisoner in custody under the
6 authority of the United States who shows that his custody violates the Constitution, laws, or
7 treaties of the United States.  28 U.S.C. § 2241(c)(3).  A federal prisoner who challenges the
8 manner, location, or conditions of the execution of a sentence, as petitioner does here, must bring
9 a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Hernandez v. Campbell, 204 F.3d
10 861, 864-65 (9th Cir. 2000); see also Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).
11 Section 2241 is the vehicle for challenging the BOP's application or calculation of the sentence
12 imposed by the district court, including any credit it applies for presentence detention.  Fraley v.
13 U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993).
14 Discussion
15         In response to the instant petition, the government filed a motion to correct petitioner's
16 sentence in the underlying criminal case, which was granted.  "Where the error goes to the
17 calculation of sentencing credits, such as "good time" credits, "good conduct" credits, "credit for
18 time served," and the like, the federal court may order the government to reduce the petitioner's
19 sentence commensurate with the credits owed if the error is not capable of correction in a
20 resentencing proceeding."  § 13:23. Awarding sentencing credits, Federal Habeas Manual § 13:23
21 (citations omitted).  The undersigned acknowledges petitioner's contention that the sentencing
22 judge failed to properly amend the judgment.  (ECF No. 26.)  However, because the sentencing
23 judge granted the government's motion, and reduced petitioner's term of imprisonment by issuing
24 ////
25
26 [2] The Court may take judicial notice of public records available on online inmate locators.  See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of
27 Prisons' inmate locator available to the public); Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably
28 be questioned).

an amended judgment and commitment, and declined to further amend the judgment, this action should be dismissed as moot.

Accordingly, IT IS HEREBY RECOMMENDED that the § 2241 petition be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.[3]  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 1, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hanr0641.2241

---

[3]  A certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  See 28 U.S.C. § 2253; Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008).